LAW LIBRARY

NO. 29743

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

K. HAMAKADO
CLERK APPELLATE COURTS
STATE OF HAWAI'I

2010 MAY 21 AM 11:03

FILED

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HONG GUO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(NORTH & SOUTH KONA DIVISION)
(CASE NO. 3DTI-08-074324)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley, and Fujise, JJ.)

Defendant-Appellant Hong Guo (Guo) appeals pro se from the Judgment against him for committing the traffic infraction of speeding in a construction area, in violation of Hawaii Revised Statutes (HRS) § 291C-104 (2007 & Supp. 2009). The Judgment was filed on March 3, 2009, in the District Court of the Third Circuit (district court).[1]

I.

On September 15, 2008, Traffic Enforcement Officer Thomas Koyanagi (Officer Koyanagi) of the Hawai'i County Police Department issued a citation to Guo for "speeding in [a] construction zone," in violation of HRS § 291C-104. The citation described the the location of the violation as "Queen Kaahumanu Hwy/Makala to Palani Int."

At trial, Officer Koyanagi testified that while following Guo's car in a construction zone, Officer Koyanagi measured the speed of Guo's car using a radar unit mounted on the dashboard of Officer Koyanagi's vehicle. Officer Koyanagi

---

[1] The Honorable Joseph P. Florendo, Jr., presided.

initially determined Guo's car to be traveling at thirty-seven miles per hour and later at thirty-eight miles per hour. The speed limit in the construction zone was twenty-five miles per hour, and there was at least one posted sign indicating that speed limit. Guo's car "pulled up to" Officer Koyanagi's right at the intersection of Palani Road and Queen Kaahumanu Highway. Officer Koyanagi then measured the speed of Guo's car as they traveled south on Queen Kaahumanu Highway, eventually stopping Guo's car past the Henry Street intersection.

After the presentation of evidence and during his closing argument, Guo stated that he "forgot to mention" that Officer Koyanagi's testimony about where the officer measured Guo's car speeding was different from the location indicated on Guo's citation. The district court disputed Guo's recollection of Officer Koyanagi's testimony, but asked if Officer Koyanagi was available to clarify the matter. However, by that time, Officer Koyanagi had apparently left the courthouse.

The district court found that Plaintiff-Appellee State of Hawai'i (State) had proven by a preponderance of the evidence that Guo committed the traffic infraction of speeding in a construction area. The district court further found that Officer Koyanagi had "measured [Guo's] speed between the intersection of Palani and Henry Street" at thirty-eight miles per hour in an area where the speed limit was twenty-five miles per hour.

II.

On appeal, Guo contends that 1) Officer Koyanagi was not credible and therefore there was insufficient evidence to prove the alleged violation; and 2) it was improper for Officer Koyanagi to leave the courthouse and not be available to be recalled as a witness to clarify his testimony. We affirm the district court's Judgment.

There was sufficient evidence to support the district court's determination that Guo had committed the traffic

infraction of speeding in a construction area. In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the State. See State v. Moleta, 122 Hawaiʻi 233, 241, 145 P.3d 776, 784 (App. 2006). In addition, "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Jenkins, 93 Hawaiʻi 87, 101, 997 P.2d 13, 27 (2000) (internal quotation marks and brackets omitted). "Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings." Id. at 100-01, 997 P.2d at 26-27 (internal quotation marks and brackets omitted).

Here, the district court apparently found Officer Koyanagi's testimony credible despite the evidence and arguments presented by Guo. When viewed in the light most favorable to the State, Officer Koyanagi's testimony provided sufficient evidence to support the district court's verdict.

The district court did not abuse its discretion in deciding not to reopen the trial to recall Officer Koyanagi. Guo had the opportunity during the trial to cross-examine Officer Koyanagi and to present evidence that Guo believed cast doubt on the officer's testimony. Officer Koyanagi had apparently left the courthouse and was not immediately available to be recalled. Guo does not point to any rule or statute that was disregarded by the district court in deciding not to recall Officer Koyanagi. Under the circumstances of this case, we cannot say that the district court abused its discretion in failing to recall Officer Koyanagi. See State v. Christian, 88 Hawaiʻi 407, 417, 967 P.2d 239, 249 (1998) (applying the abuse of discretion standard to a trial court's decision on whether to permit a party to reopen its case for the purpose of submitting additional evidence).

III.

We affirm the Judgment filed on March 3, 2009, by the district court.

DATED:  Honolulu, Hawai'i, May 21, 2010

On the briefs:

Jay T. Kimura
Mark D. Disher
Office of Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Hong Guo
Defendant-Appellant Pro Se

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

*Auga Bu Lijun*
Associate Judge

4